UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JEANNETTE OPPEDISANO, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | 3:07-cv-01693-WWE |
| | : | |
| SOUTHERN CONNECTICUT STATE UNIVERSITY, | : | |
| | : | |
|     Defendant. | : | |

**MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR RECONSIDERATION**

Defendant Southern Connecticut State University has moved for reconsideration of the Court's denial of summary judgment for defendant as to plaintiff Jeannette Oppedisano's hostile work environment claim. Defendant now argues that the Court should reconsider its decision because the evidence related to this claim is legally insufficient to deny summary judgment.

For the following reasons, defendant's motion for reconsideration will be granted.

**DISCUSSION**

Reconsideration will be granted only if the moving party identifies controlling decisions or data that the court overlooked that could reasonably be expected to alter the court's decision. See Shrader v. CSX Transp. Inc., 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration may not be used simply to relitigate an issue that has been decided adversely to the movant. Joyce v. Semple, 2012 U.S. Dist. LEXIS 150294 (D. Conn. 2012).

Title VII prohibits employers from "discriminat[ing] against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's ... sex." 42 U.S.C. § 2000e-2(a)(1).

"To state a claim for a hostile work environment in violation of Title VII, a plaintiff must plead facts that would tend to show that the complained of conduct: (1) is objectively severe or

pervasive—that is, ... creates an environment that a reasonable person would find hostile or abusive; (2) creates an environment that the plaintiff subjectively perceives as hostile or abusive; and (3) creates such an environment because of the plaintiff's sex." Patane v. Clark, 508 F.3d 106, 113 (2d Cir. 2007).

"Proving the existence of a hostile work environment involves showing both objective and subjective elements: the misconduct shown must be severe or pervasive enough to create an objectively hostile or abusive work environment, and the victim must also subjectively perceive that environment to be abusive." Feingold v. New York, 366 F.3d 138, 150 (2d Cir. 2004). Frequency and severity of the discriminatory conduct should be considered as well as whether it is physically threatening or humiliating, or consists of mere offensive utterances. Id. The Court should also consider whether the discriminatory conduct unreasonably interfered with the employee's work performance. Id.

"As a general rule, incidents must be more than episodic; they must be sufficiently continuous and concerted in order to be deemed pervasive." Alfano, 294 F.3d at 374. However, "[w]hile a mild, isolated incident does not make a work environment hostile, the test is whether the harassment is of such quality or quantity that a reasonable employee would find the conditions of her employment altered for the worse." Terry v. Ashcroft, 336 F.3d 128, 148 (2d Cir. 2003). "The environment need not be 'unendurable' or 'intolerable.' Nor must the victim's 'psychological well-being' be damaged. In short, the fact that the law requires harassment to be severe or pervasive before it can be actionable does not mean that employers are free from liability in all but the most egregious cases." Id.

**300 Day Filing Period**

Defendant argues that acts that fall outside the 300 day filing period may only be considered if they are sufficiently related to the acts that fall within the filing period in order to be considered part of the same hostile work environment.  McGullam v. Cedar Graphics, Inc., 609 F.3d 70, 77 (2d Cir. 2010); Patterson v. County of Oneinda, N.Y., 375 F.3d 206, 220 (2d Cir. 2004).  Moreover, defendant argues that the only complaints occurring within the 300 day filing period were (1) a complaint against Dr. Eldridge in 2007 for yelling at plaintiff in a threatening fashion after she declined to accommodate one of his students, (2) a complaint against Dr. Hein in 2009 for refusing to hire a female candidate for a tenure track position after a qualifications dispute, (3) a complaint that plaintiff was not properly considered as part of the 2009 Dean's search, and (4) a complaint that plaintiff was inappropriately sent a letter reminding her about the nepotism policy.

While "in the case of a hostile work environment claim, the statute of limitations requires that only one sexually harassing act demonstrating the challenged work environment occur within 300 days of filing; once that is shown, a court and jury may consider the entire time period of the hostile environment in determining liability." Petrosino, 385 F.3d at 221.  However, none of the above listed incidents - which occurred within the 300 day filing period - constitute severe or pervasive sexually discriminatory conduct.  See McGullam, 609 F.2d at 79.  Indeed, other than plaintiff's self serving testimony, there is no evidence that any of these controversial incidents were motivated by sexual hostility.

Plaintiff's complaints that she was not properly considered as part of the 2009 Dean's search and was inappropriately sent a letter reminding her about the nepotism policy fail to

3

portray the kind of abusive environment necessary to constitute a hostile work environment. Moreover, plaintiff's disputes with Dr. Eldridge and Dr. Hein were founded primarily upon disagreements about academic policies.

> In assessing the totality of the circumstances offered to prove a hostile work environment, a fact finder may consider only abusive conduct proven to be based on sex.  This may be proven by harass[ment] in such sex-specific and derogatory terms ... [as] to make it clear that the harasser is motivated by general hostility to the presence of women in the workplace, or by offering some circumstantial or other basis for inferring that incidents sex-neutral on their face were in fact discriminatory.  A plaintiff may rely on incidents of sex-based abuse to show that other ostensibly sex-neutral conduct was, in fact, sex-based.

Pucino v. Verizon Wireless Communications, Inc., 618 F.3d 112, 117 (2d Cir. 2010).

Here, plaintiff has submitted no evidence of sex-specific or derogatory terms or of other circumstantial bases for inferring that the incidents within the 300 day filing period were discriminatory.

In sum, the alleged misbehavior inside the 300 day filing period, in light of, *inter alia*, its infrequency, the nature of the words exchanged, the context in which they were uttered, and the non-physical nature of the acts, was not so severe or pervasive as to affect plaintiff's ability to do her job, or to materially alter the conditions of plaintiff's employment for the worse.  See McLee v. Chrysler Corp., 109 F.3d 130, 135 (2d Cir. 1997).  Accordingly, the Court should not have considered alleged acts of sexual hostility toward plaintiff that fell outside the statutory 300 day filing period as any such acts have not been shown to be sufficiently related to activity within the 300 day filing period.  See McGullam, 609 F.3d at 77   Based on the totality of the evidence presented, but without considering such statutorily proscribed acts, no reasonable jury could find for plaintiff.  Therefore, defendant's motion for summary judgment will be granted as to plaintiff's hostile work environment claim.

## CONCLUSION

Defendant's motion for reconsideration is GRANTED, and defendant's motion for summary judgment on plaintiff's hostile work environment claim is GRANTED.

Dated this 10th day of October, 2013, at Bridgeport, Connecticut.


                                                /s/
                                    WARREN W. EGINTON
                                    SENIOR UNITED STATES DISTRICT JUDGE